CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2016

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANKIE JAE LORDMASTER,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:15-cv-00511 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| E. BARKSDALE, et al.,<br>    Defendants. | ) ) | By:  Hon. Michael F. Urbanski<br>      United States District Judge |

Frankie Jae Lordmaster, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants: E. Barksdale, the Warden of the Red Onion State Prison; "Municipal (liability) of Pound, VA"; Unknown JPay Representative for Red Onion State Prison; JPay Business Entity; and Red Onion's Ombudsman. Plaintiff alleges the following claims in the complaint:

    1. Disparagement of Electronic-state created liberty-mail services –(sending and receiving) to contact international relations, by indigent inmate, where the DOC refuses by policy to provide for that: Which Plaintiff has vested right to that service, For those relations do so provide monetary advancement, for Plaintiff to contact them thereby: since the DOC refuses to provide any other service for such, for any indigent inmate[s] – (class of one action: indigence).

    2. Disparagement of Grievance proves to exhaust: claims, since his arrival at Red Onion State Prison, on: 07/15 or 17/15 [&] there is no out of time filing grievance procedure available, upon numerous requests(s) for same –(written), yet never returned or answered, even to the Ombudsman, e.g.: Disparagement to Exhaust claiments!

    3. Disparagement most of free exercise –(Music), [as] similarly situated inmates in Structured living Program –(have access to the only service in the DOC milieu, at Sussex State Prison, yet not at Red Onion, even upon request of Plaintiff, who has vested right in utilization thereof –(for Electronic Mail service [&] Unlocking Music Player, –[which can't be used at all, w/o unlocking via: plgin to that service], nor enjoyment thereof, –[service nor music, nor Electronic mail service package bundled into one, et al.], – (class of one: Inmate of Structured living program);

    4. Disparagement Electrical Works in entirety, to recharge: rechargeable batteries for – Free Exercise –(music) claim above, so he may utilize player

when it is caused to become unlocked–(therefore usable), and access granted to all above in nexus with Bundled Packaged Services named thereto, as similarly situated inmates at Sussex State Prison, [and] mayhaps Red Onion State Prison–(in part), have such access, for that mentioned – (class of one: Inmate of Structured living Program).

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff's claims are dismissed as frivolous for pursuing indisputably meritless legal theories, claims of infringement of a legal interest which clearly does not exist, and claims where the factual contentions are clearly baseless. Plaintiff cannot seek to impose liability based on respondeat superior, and § 1983 requires a showing of personal fault on the part of each defendant, either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not have a federal right to access a state

2

prison's grievance system, operate a personal music player, or possess rechargeable batteries. See, e.g., Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Plaintiff cannot rely merely on legal buzzwords, labels, and conclusions to construct a complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). For the foregoing reasons, the court dismisses the complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

    **ENTER**: This ___14th___ day of June, 2016.

                                                    /s/ Michael F. Urbanski
                                                    United States District Judge